UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
SUBHASH GUPTA,                )
                              )
            Plaintiff,        )
                              )
        v.                    )        Civil Action No. 02-916 (RWR)
                              )
NORTHROP GRUMMAN CORP.,       )
                              )
            Defendant.        )
_____)

MEMORANDUM OPINION

Plaintiff Subhash Gupta brought this action alleging that
his former employer discharged him in violation of the Americans
with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 *et seq.*, and
the Rehabilitation Act ("RA"), 29 U.S.C. §§ 791 *et seq.*  Northrop
Grumman Corporation ("Northrop"), the successor to his former
employer, filed a motion to dismiss claiming that Gupta failed to
exhaust his administrative remedies timely.  Because Gupta failed
to exhaust his ADA administrative remedies timely and timely file
his RA claims in this action, this complaint will be dismissed.

BACKGROUND

In July 1998, Gupta was hired as a Principal Engineer for
PRC, Inc., ("PRC") which was headquartered in McLean, Virginia.
He was assigned to work at the Department of Treasury's Bureau of
Alcohol, Tobacco and Firearms office in Washington, D.C.  (Compl.
¶ 3; Def.'s Mot. to Dismiss, Ex. 1.)  On September 4, 1998, Gupta
fell asleep during a client meeting.  He told PRC this was caused

- 2 -

by a disability -- a severe panic disorder and depression -- and
the changing medications he was taking for it.  PRC subsequently
placed Gupta on administrative leave and terminated him on
September 24, 1998.  (Def.'s Mot. to Dismiss, Ex. 1.)  On
February 2, 2002, more than three years after the date of his
termination, Gupta filed a charge of discrimination with the
Fairfax County Human Rights Commission and the Equal Employment
Opportunity Commission ("EEOC").  (Compl. ¶ 16; Def. Mot. to
Dismiss, Ex. 1.)  The charge alleges that after Gupta had
notified PRC that he had a disability[1] and requested an
accommodation for it, PRC placed him on administrative leave and
then fired him because of his disability.  The EEOC dismissed the
charge on March 8, 2002, stating that it was not timely filed,
and issued Gupta a right to sue letter.  (Compl. ¶ 16; Def.'s
Mot. to Dismiss, Ex. 3.)  Gupta filed this ADA and RA lawsuit
against Northrop, which had purchased PRC, and Northrop moved
under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to timely
exhaust his administrative remedies.[2]  Gupta opposes this motion
positing that he was mentally incapacitated from 1998 until 2002,

_____

[1]     Gupta's charge did not specify the nature of the
disability.

[2]     Northrop also asserted as grounds for dismissal under
Rule 12 that Gupta named the wrong defendant, service was not
proper, and venue is improper in this district.  Because the
complaint must be dismissed for lack of timely exhaustion, the
remaining grounds are not addressed.

- 3 -

and the filing deadline should be equitably tolled for that
period.

DISCUSSION

A motion to dismiss should be granted only if "it appears
beyond doubt that the plaintiff can prove no set of facts in
support of [his] claim which would entitle [him] to relief."
Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The complaint must
be construed in the light most favorable to the plaintiff and the
court must accept as true all well-pleaded factual allegations.
Warren v. District of Columbia, 353 F.3d 36, 39 (D.C. Cir. 2004).
"However, the court need not accept inferences drawn by
plaintiff[] if such inferences are unsupported by the facts set
out in the complaint.  Nor must the court accept legal
conclusions cast in the form of factual allegations."  Kowal v.
MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir 1994).

I.   TIMELY FILING REQUIREMENT

The ADA adopts the statute of limitations provision of Title
VII of the 1964 Civil Rights Act codified at 42 U.S.C. § 2000e-
5(e).  See 42 U.S.C. § 12117(a); see also Stewart v. District of
Columbia, No. 04-1444, 2006 U.S. Dist. LEXIS 12991, at *9 (D.D.C.
Mar. 12, 2006).  Thus, before filing an employment discrimination
action in a court under Title VII or the ADA against a private
employer, a plaintiff must first exhaust administrative remedies
by filing an administrative charge with the EEOC within 180 days

- 4 -

of the alleged discriminatory action "unless the complainant has first instituted proceedings with a state or local agency, in which case the limitations period is extended to a maximum of 300 days." Lorance v. AT&T Techs., 490 U.S. 900, 904 n.2 (1989); 42 U.S.C. § 2000e-5(e)(1); Ajuluchuku v. Oswald, No. 05-732, 2006 U.S. Dist. LEXIS 7707, at *1-2 (D.D.C. Feb. 10, 2006) (holding that complaints filed under the ADA must follow the same administrative exhaustion procedures as those filed under Title VII). The statute of limitations for ADA claims begins to run at the time when plaintiff knew or had reason to know of the injury that serves as the basis of the claim. Stewart, 2006 U.S. Dist. LEXIS 12991, at *11. In the instant case, the limitations period started when Gupta was terminated from his job allegedly due his disability.

Gupta also brings an RA claim under 29 U.S.C. § 794. Although "[c]laims and defenses under [the ADA and the RA] are virtually identical[,]" Harrison v. Rubin, 174 F.3d 249, 253 (D.C. Cir. 1999), § 794 does not contain an explicit exhaustion requirement or limitations period. There is some disagreement about whether the statute of limitations applied under the ADA for filing an administrative charge or the District of Columbia's three-year statute of limitations for filing a lawsuit alleging personal injury claims should apply to RA claims. See Stewart, 2006 U.S. Dist. LEXIS 12991, at *27-33 (collecting cases).

- 5 -

Gupta does not dispute, though, that he filed his administrative charges and this action over three years past the date of his termination on September 24, 1998, and well past any 300-day statute of limitations period.  Nor does he dispute that 300 days was the appropriate deadline for filing his ADA administrative charges.  (Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Resp.") at 2-3.)  Instead, Gupta argues that his case should not be dismissed because a mental disability tolled any applicable filing period.  (Pl.'s Opp'n at 3.)

A requirement that Gupta file his administrative complaint in 300 days or his court complaint within three years is not a jurisdictional prerequisite to filing the action in court, however, and may be equitably tolled in extraordinary circumstances.  See Zipes v. TWA, 455 U.S. 385, 393 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling."); Chung v. Dep't of Justice, 333 F.3d 273, 275-76 (D.C. Cir. 2003) ("In litigation between private parties, courts have long invoked waiver, estoppel, and equitable tolling to ameliorate the inequities that can arise from strict application of a statute of limitations."). Tolling may apply if during and after the period preceding the deadline, the plaintiff was *non compos mentis*, namely, "unable to

- 6 -

manage his business affairs or estate, or to comprehend his legal
rights or liabilities" at the time the cause of action accrued.
Smith-Haynie v. District of Columbia, 155 F.3d 575, 580 (D.C.
Cir. 1998) (internal citations omitted).  Although a defendant
bears the burden of pleading and proving failure to exhaust
administrative remedies or to timely file an action in court,
Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); Cal.
Sansome Co. v. U.S. Gypsum, 55 F.3d 1402, 1406 (9th Cir. 1995),
once defendant's burden has been met, a plaintiff must establish
his eligibility to invoke equitable tolling.  See Saltz v.
Lehman, 672 F.2d 207, 209 (D.C. Cir. 1982) (affirming district
court's dismissal of plaintiff's complaint because plaintiff did
not make a showing to support equitable tolling); Hood v. Sears,
Roebuck & Co., 168 F.3d 231, 232 (5th Cir. 1999) ("The claimant
bears the burden of justifying equitable tolling.").
"Application of the doctrine of equitable tolling is solely
within the judge's discretion." Johnson v. Billington, 404 F.
Supp. 2d 157, 162 (D.D.C. 2005).

Equitable tolling based on a plaintiff's *non compos mentis*
status is permitted only in "carefully circumscribed instances"
in which a plaintiff is completely incapable of handling his
affairs and legal rights.  Smith-Haynie, 155 F.3d at 580; see
also Speiser v. U.S. Dept. of Health & Human Servs., 670 F. Supp.
380, 384 (D.D.C. 1986) (noting that § 12-302 of the D.C. Code

- 7 -

provides that the statute of limitations is tolled for a person
who is *non compos mentis*, defined as unable to handle one's
affairs or function in society, until the disability is removed).
Gupta's complaint alleges that the disability underlying his
falling asleep at the client meeting is a severe panic disorder
and depression that "substantially limits . . . his ability to
think, reason, concentrate, work, and sleep."  (Compl. ¶ 9.)
Gupta's unsworn legal memorandum in response to Northrop's motion
asserts that after his termination, he "experienced a severe
emotional downward spiral" which led the Social Security
Administration ("SSA") to determine that he was "totally
disabled."  (Pl.'s Resp. at 4.)  Gupta's response also claims
conclusorily that he could not work or manage his affairs until
2002, noting that he did not hire an attorney until May 2, 2002.
Cf. Speiser, 670 F. Supp. at 384 (stating that plaintiff's
decision to retain counsel in the months following her
resignation demonstrated an awareness of her legal rights and
mitigated her *non compos mentis* claim); Stewart, 2006 U.S. Dist.
LEXIS 12991, at *22-23 (holding that defendant's motion to
dismiss for failure to timely file should be granted because
plaintiff was fully functional when her alleged injury ensued and
because her alleged mental incapacity did not occur until nine
months after her claim accrued).

- 8 -

Although the allegations made in Gupta's complaint are to be read liberally, the complaint nowhere alleges that he was *non compos mentis* for the more than three years prior to his filing discrimination charges.  The allegation that he had a severe panic disorder and depression does nothing to establish the total incapacity he claims.  If anything, it could suggest just the opposite for the day his claim accrued and the period before his termination, namely, that he was functional and managing his affairs, working as a principal engineer, despite his disorder. See Kowal, 16 F.3d at 1276 (holding that a court "need not accept inferences drawn by the plaintiff[] if such inferences are not supported by facts set out in the complaint").

Once Northrop moved to dismiss claiming that Gupta had failed to exhaust his administrative remedies timely, the burden shifted to Gupta to "submit[] evidence that establishes that [he] was incapable of handling [his] affairs[.]"  Speiser, 670 F. Supp. at 384.  He has not done so in the dozens of months since Northrop's motion was filed.  His response provides nothing to show what the SSA's determination that he was "totally disabled" actually means, and no evidence substantiating SSA's conclusion. He has provided no affidavits, no deposition excerpts, no medical records, and no evidence of any kind in support of his conclusory assertions of total incapacity.  And he does not purport to be unable to furnish such evidence.  He claims in his response to

Northrop's motion that he "has a voluminous amount of psychological and psychiatric records that *might* be relevant as to whether he was able to manage his own affairs."  (Pl.'s Resp. at 5) (emphasis added.)

The only effort he makes to excuse his choice not to meet his production burden is his unsupported claim that "courts generally do not consider materials outside the pleadings in the context of a 12(b) motion[.]"  (Id.)  Rule 12(b) itself explicitly contemplates parties submitting matters outside the pleadings.  When that happens and those matters are not excluded by the court, it simply means that a Rule 12(b)(6) motion will be treated as one for summary judgment under Rule 56.  Persuasive extra-pleading evidence might have created a genuine issue of material fact entitling Gupta to a denial of Northrop's motion.  But Gupta has not presented any, or moved for Rule 56(f) discovery, or claimed that he "cannot for reasons stated present by affidavit facts essential to justify [his] opposition[.]"  Fed. R. Civ. P. 56(f).

Neither unsupported, unpled assertions of total disability, nor pled allegations of a panic disorder and depression, are enough.  See Speiser, 670 F. Supp. at 385 (holding that to show incapacity, plaintiff must show that he was "adjudged incompetent, signed a power of attorney, had a guardian or caretaker appointed, or otherwise took measures to let someone

else handle [his] affairs" and that it was not sufficient that plaintiff was "preoccupied, depressed, and obsessed with the events surrounding [his] resignation"). Because Gupta has neither pled complete incapacity nor offered any evidence to support this finding, the remedy of equitable tolling will not be applied to Gupta's claims.

## II.  LEAVE TO AMEND

In his opposition to Northrop's motion to dismiss, Gupta requests leave to file an amended complaint "in the event that the court finds that the plaintiff should plead facts negating a statute of limitations defense . . . to include the allegation that he was not able to manage his own affairs or work and was totally disabled until January 2002." (Pl.'s Resp. at 8.) Gupta does not need, and has never needed, leave to amend his complaint. Rule 15(a) of the Federal Rules of Civil Procedure allows "a party [to] amend the party's pleading once as a matter of course at any time before a responsive pleading is served." As Gupta knows, no responsive pleading[3] was filed in this case. For a long time, Gupta has had every opportunity to amend his complaint as of right and has chosen not to do that either.[4]

---

[3]    An answer is a pleading, but a motion to dismiss is not.  Fed. R. Civ. P. 7(a).

[4]    Gupta cites <u>Ormiston v. Nelson</u>, 117 F.3d 69 (2d Cir. 1997), to support his argument that "[w]here the plaintiff fails to allege facts regarding mental incapacity but argues plaintiff was mentally unable to file any within the statute of

Northrop has a right to finality in this litigation.
Accordingly, its motion to dismiss will be granted.

However, even if permission for leave to file an amended
complaint were needed, which is not the case, Gupta has failed to
properly seek it, as Northrop flagged in its reply long ago.
Gupta never filed a motion, as is required by Fed. R. Civ. P.
7(b)(1), attaching a copy of his proposed amended complaint, as
is required by Local Civil Rule 7(i).  Instead, "plaintiff makes
his request, almost as an aside, as part of Plaintiff's
Opposition to Defendant's Motion to Dismiss."  Woodruff v.
DiMario, 197 F.R.D. 191, 195 (D.D.C. 2000).  Because "a 'bare
request in an opposition to a motion to dismiss -- without any
indication of the particular grounds on which the amendment is
sought . . . -- does not constitute a motion within contemplation
of Rule 15(a) [governing seeking leave to amend a pleading,]'"
Kowal, 16 F.3d at 1280 (quoting Confederate Memorial Ass'n, Inc.
v. Hines, 995 F.2d 295, 299 (D.C. Cir. 1993)), Gupta's request
would not be treated as a separate motion to amend in any event.
Without second-guessing Gupta's choice to leave his complaint

---

limitations, the plaintiff must be given an opportunity to amend
his complaint."  (Pl.'s Opp'n at 4.)  Ormiston does not help
Gupta.  As has been demonstrated, Gupta has had every opportunity
to amend his complaint, and he has failed to do so.  Moreover,
the fact that plaintiff Ormiston had been involuntarily committed
to a psychiatric institution was not in dispute.  Gupta by
contrast has neither pled nor presented evidence of his total
incapacitation.

- 12 -

unamended all these months, his request for leave to amend is nonetheless moot.

## CONCLUSION

Gupta did not timely exhaust his ADA administrative remedies or timely file his RA claims here, and has neither pled nor met his burden of showing mental incapacitation to entitle him to equitable tolling. Accordingly, Northrop's motion to dismiss will be granted. A separate order accompanies this memorandum opinion.

SIGNED this 21st day of November, 2006.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge